Your Honors, as the Court is well aware, each member of the Court, Rehafe v. United States has changed the controlling precedent with respect to the elements of the charge of felon in possession. The knowing requirement to the prohibited status has been articulated and added to what was once the controlling precedent, and was the controlling precedent at the time that Mr. Coleman in fact entered his change of plea to guilty in his case, as well as at the time that he was sentenced, basically throughout the duration of the pendency of his case in District Court. Because the law and the interpretation of the law has changed during the pendency of Mr. Coleman's case, the appellant is asking that his plea be vacated. We are arguing that it should be vacated on two grounds. First and foremost, because we maintain that it constitutes structural error, that it was in fact a constitutional violation that was so fundamental that it would in fact constitute structural error and would not involve the ordinary inquiry into the prejudicial effect of that error that I will address momentarily. But also, appellant maintains that in fact under Rule 11 itself, the change of plea should in fact be vacated, or the judgment should be vacated in this case. As the parties unanimously agree or both agree, certainly the plain error standard is relevant in this case. Certainly the first components of plain error, that in fact there was an error and that it seemed to be clear and plain, seem not to be in dispute. The issue becomes whether or not substantive rights were affected and whether or not if that occurred, those rights in fact that were affected resulted in the need for a remedy based on the impact on fairness, integrity, or public reputation of judicial proceedings. Again, as I indicated, I believe that this is in fact structural error. Would we be the first to say that? Yes, Your Honor. In fact, I know Hollingshed versus Hollingshed is a case that has been cited for the proposition that in fact if there is no substantive error, then in fact the plea should be maintained or the case should not be vacated. However, Hollingshed did not address the issue of structural error. It just addressed the Rule 11 violation. So none of the cases that we've had so far, even since this has been scheduled, we've had a few more cases on this general issue. And so in your view, none of those cases preclude us from addressing the structural error issue? That is my position, Your Honor. Yes. Didn't Rahif itself suggest plain error analysis was appropriate? Well, Your Honor, I would disagree with that. In fact, in the dissent, Justice Alito indicated that in fact that would be a problem that could be created from Rahif, that in fact people that had pending cases would be subject to bringing their cases back and requesting very much the remedy that we're asking for today. So I do not think that that is a clear interpretation of Rahif, and I would suggest that in fact it would not be how we should look at that ruling. The reason that I think what we're dealing with here is structural error is the definition of structural error itself. Structural error is the type of error that deals with the framework of the trial process itself, not just an error within the trial that might result in an erroneous conviction. And I think that's exactly what we have here because it fundamentally affects the whole process. When someone is not given notice of the true charge against them, and in this case the full elements of the charge against them, it affects obviously their understanding of their charge. It affects their ability to knowingly admit their charge. It affects their ability to the right to counsel. Although they had counsel and were able to consult with counsel, counsel's knowledge of the law correctly would be that in fact it is unnecessary to explore whether or not there was knowledge of the status itself precluding the possession of firearm. So how would you define this structural error? Because the Supreme Court, in my reading of the cases, has been very careful to limit what a structural error is. And there are the kinds of things that you can't really—it's hard to pinpoint the harm on it, but it's sort of, as you've described, sort of general. How would this be cabined? What would we say? Well, I know in the Weaver v. Massachusetts case, the court talks about a couple of examples. And it talks about, number one, the defendant's autonomy in making decisions in their criminal proceedings. And I think that this type of error affects that because the defendant does not have the knowledge to make proper decisions such as whether to go to trial, whether to testify in that trial, what to bring up or raise with counsel in that trial. Certainly the right to choose counsel is the type of thing that has been identified as structural error or the right to proceed as your own counsel. So certainly the right to counsel itself is a very fundamental right itself. And I would suggest in Weaver v. Massachusetts, the court does raise the issue of whether or not the harm can be identified by the error. So if the harm cannot be identified, that lends toward structural error. And in this case, I would say the harm cannot be identified. Because when we go back and look at just the prior convictions in the case, we are not getting at the very element that was misnotified or left out, I should say, of the elements. Because the knowledge record would not be developed in the lower court because it wasn't relevant. So it's hard to identify where that effect occurred because, as I indicated, it would affect the defendant's desire to bring up that issue. If he did bring up that issue of not knowing his status, the attorney would dismiss it because it isn't relevant to the elements of the case. And it would therefore affect the advice that the counsel would give to that defendant. So I think it does fall along the lines of the examples that are given. The issue I have about the structural error is that in the few cases where it has been recognized, I think in all of them, and I stand to be corrected, but that they all are tied to some fundamental constitutional right. What we're really talking about here is a violation of Rule 11. And we've always said that Rule 11 violations don't necessarily result in a reversal of a conviction. And we've never said taking Rule 11, I don't think we've ever said Rule 11 creates a constitutional right, nor have we ever said that a Rule 11 violation is a structural error. So how do we decide which of the Rule 11 violations are structural errors and which aren't? Well, I would suggest that that issue wasn't raised in, obviously, the pertinent case. But I would suggest that the notice itself, the lack of notice, has been identified as a fundamental due process requirement. So I think that it does fall on that level of structural error, as well as the fact that it impacts right to counsel, which is certainly a constitutionally protected right. So that's how I would answer that question. I do see that I am down to a time I would like to reserve for rebuttal. You may. Thank you. Thank you. Mr. Babichek. May it please the court, counsel. With respect to the structural error or, that is, automatic reversal, clearly that's one of the heavier hammers this court has on appellate review. And we know from the Supreme Court cases, such as the Nieder case, that it only applies in, quote, very limited cases. And we do believe that the Weaver case from the Supreme Court in 2017 reiterates the narrowness and talks about cases where it's a righted issue other than preventing the defendant from being erroneously convicted, something where the effects are too hard to measure or that the error would always result in fundamental fairness. For example, not having a public trial or not having defense counsel, things along that nature. And this particular issue, as far as I can tell, hasn't been raised in any of the prior Eighth Circuit cases. We submitted our 28J letter, talks about a number of more cases that have applied plain error. Now, granted, in those cases it doesn't appear that the appellant was arguing for structural error. There are a number of cases where this is pending, in addition to the Gantt case, which is mentioned in the appellant's brief in this circuit. This issue has been raised, there's no decision yet, in a case called Hall in the Sixth Circuit and a case called Leach in the Fourth Circuit. You're saying that the structural error argument is being raised in those cases as well? That's right. So those are kind of out in the ether along with this case and the Gantt case. So you agree that no other court has held this to be structural error, at least as of today's date? That's correct. And here, so for example, in the Davies case, which was a case I argued, the Parson case, the Seltzer case, and the Hollinshead case, the court engaged in plain error review. And it's important in the sense that in the Weaver case, the court talked about, is this something that's measurable? And in those cases, this court did attempt to measure that. And in all the cases but the Davies case, the court did not find plain error. If we do go to the plain error, this seems like there's the Davies case and then maybe there's Seltzer. I think that's the one where the fellow had a prior felon in possession conviction. So we've got some maybe you might describe somewhat extreme cases. Here we've got a situation where the fellow has, I don't think if I'm reading the pre-sentence report correctly, I don't think he's ever served more than even a full year at one time in prison. And if I'm reading these right, a lot of his prior convictions are what I guess we used to call just the felony possessions out of Illinois, which don't necessarily on their face seem like the traditional felony because it's a simple possession as opposed to a possession with intent or manufacturing. How do we factor those kinds of facts into this plain error analysis? Judge Kelly, I think you're right in the sense of reviewing the panoply of cases that the Eighth Circuit has held. This case is somewhere in the middle. Davies, which again was my case, was a fairly, I agree, extreme case where the defendant at issue was whether he knew he'd been convicted. Some of these other cases, the defendant either had a conviction for a felon in possession of a firearm or I think one of them was murder and had served 15 years. But to your point, it's a factor the court can consider, but by my calculations, the defendant did. He was sentenced on three felonies in paragraphs 26 to 28 of the PSR to 18 months. So as I believe it was the Seltzer case talked about, he did receive a prison sentence of greater than a year. But do you agree that he never served more than a year at a stretch? At a single stretch. They're just factors. I'm trying to figure out how we toss all of these factors into the mix to actually decide whether or not this is something that would say, hey, you know, I would have gone to trial on this. I didn't know. These were possession of controlled substance counts. I was just in and out. I might talk to my lawyer for 20 minutes on each time, served a little bit of time, was out in a few months. So on plain error review, the burden is on the defendant. First, to show in a case like this where there was a plea that there's a reasonable probability that the defendant would not have pled guilty. And second, independent of that, that it would affect the integrity of the proceedings. Now, here there's no dispute that the defendant was in fact prohibited. And we know from Rahafe that the distinction with the extension of the mens rea requirement to their prohibited status is not supposed to be burdensome. Can be inferred circumstantially. On the first question, we can certainly look at what Your Honor has identified. But this defendant in, by my count, four different cases, albeit three of them at the same time, was sentenced to more than a year. One time to 18 months and one time to 24 months. And the defendant here, I think this is notable in the defendant's brief, given that it's the defendant's burden. Defendant doesn't say he would have gone to trial. He just says he would have explored whether his convictions were expunged or his rights were restored. He doesn't, to this date, has not said that they were expunged or that they were restored. And I don't profess to be an expert on Illinois law and Cook County. But it looks to me like these were not even under the statute eligible to be expunged. Then we just have, in the government's view, there's a practical point that I would like to raise. This defendant was charged in a one count gun indictment. He pled pursuant to a plea agreement that had a Title 18 waiver for additional charges. So by pleading guilty, he was capped at 120 months. He was on video shooting another man, firing six times, two hit into another man's backside. And those are in the sentencing exhibits. There's stills and videos and all that. So just practically speaking, he entered into a plea agreement. He limited his exposure at 120 months. The district judge varied down 12 months because he didn't have any violence in his past and he was very drunk at the time of the incident. So are you suggesting that part of the analysis of whether he would, had he known of the menswear requirement, he would have gone to trial, that we look to the entire record in terms of what other charges he was facing? In other words, okay, I'll take this faulty, potentially faulty conviction to avoid more serious charges. Is that part of the analysis as well? Well, I would not agree that it's faulty under the facts. Well, no, what I'm suggesting is I guess the premise is, you know, potentially I wasn't guilty of this because of the mens rea. So that's what I'm trying to get at. Yes, Your Honor. From the Vaughn case, which I believe we cited in a footnote, the court on plain error review may scan the entire record. And that he entered into a plea agreement with a Title 18 waiver, that he was on videotape shooting another person in the back. Those are, I think, facts that the court can consider. I mean, it's certainly a fact that the weight of the government's evidence in all other respects, especially when we're talking about here where it's the difference between when he admitted he was prohibited. It's just whether the government can prove he knew he was prohibited when the government would be able to bring in evidence of those Cook County felony convictions where he was sentenced to 18 months, he was sentenced to 24 months. And albeit not in one stretch, he served, by my calculations, approximately 16 months in custody there. Unless there are any other questions, that would conclude my presentation. We would request that the court affirm Mr. Coleman's conviction. Thank you. Thank you. Ms. Helfry, rebuttal? Thank you. I would just like to very briefly get to the matter of the impact on substantive rights, even absent structural error. Obviously, we are arguing that the substantive rights were impacted. I think that's supported by analogous cases. Henderson v. Morgan has an elemental defect with respect to a second-degree homicide. And the court did, in fact, find that there was a basis to overturn that plea of guilty based on that error. And I think it is analogous, as well as the aggravated identity theft cases in the Eighth Circuit. Ocho Gonzales would be the case I would point the court to. With respect to Rule 11, I want to quickly distinguish the analysis in other cases from this case. As the court has correctly pointed out, Mr. Coleman has not served a consecutive year in prison. I would also note he was very young at the time of his convictions, for which he received even those short prison terms, but was paroled well before a year's time had passed. When we're looking back to see the impact of the error, we look to whether or not that knowledge was, in fact, addressed. Not simply did the convictions exist. We have changed the knowledge requirement, not just the status. So the status, meaning that there are those convictions, is insufficient. So we are asking to vacate under the Rule 11 analysis, as well, and I see that my time is up. Thank you. Thank you. Thank you both for your arguments and your briefing, and we'll take the matter under advisement.